## MIDLAND VALLEY RAILROAD CO. v. TOWN OF PANAMA et al.

No. 21863. Opinion Filed June 21, 1932.

O. E. Swan and Clayton M. Davis, for appellant.

J. B. Dudley and Hardin & Barton, for appellees.

CULLISON, J. The town of Panama, Okla., and the board of county commissioners of Le Flore county, instituted proceedings in the Corporation Commission, seeking an order requiring the Midland Valley Railroad Company to construct a public cross-

ing over its railroad right of way on Main street in the town of Panama, Okla.

The railroad company answered, denying the materiality of the application, denying that the Corporation Commission had jurisdiction or authority to open a highway at the crossing as requested, and further pleaded that there were certain switch stands located within the limits of the proposed crossing, and that there was no authority to deprive them of the use of such improvements.

The cause was heard by the Corporation Commission, and on July 3, 1930, the Corporation Commission rendered order No. 5197, in said cause, finding that said highway crossing should be constructed at the intersection of Main street in the town of Panama, with the right of way of the Midland Valley Railroad Company tracks, at such time as said highway and streets shall be opened by proper legal procedure for the use of the traveling public.

The Midland Valley Railroad Company appeals from the order of the Corporation Commission, and alleges as error that:

"There is no authority under Oklahoma law for condemning property for a public use, which proposed use would be inconsistent with the public use to which said property is already devoted, and which proposed use would destroy or materially impair said existing use."

In our consideration of said question as presented, we observe that the order made by the Corporation Commission under consideration in this appeal provides, in part, as follows:

"It is the further order of the Commission, that the Midland Valley Railway Company, within 60 days from and after the **opening by legal means on Main St.** in the town of Panama and the highway designated as such, be and it is hereby ordered and required to construct a public highway grade crossing at the point where said Main St. and the public highway so designated intersects the right of way and tracks of the said Midland Valley Railway Company in the town of Panama."

We observe that the portion of the order as quoted, supra, provides that the Midland Valley Railroad Company shall, within 60 days, **after the opening by legal means of Main street**, construct a public highway grade crossing on Main street.

The order of the Corporation Commission is made conditional, that the local authorities take the proper procedure and acquire right of way across the Midland Valley Railroad Company right of way and tracks at the point where said crossing has been designated.

The railroad company contends that the proposed highway crossing is so placed that it would prevent the use of certain switch heads now operated by the railroad company, and interfere with the operation of their trains and the conduct of their public business. As we view the question, that matter is not before this court for a legal determination. The order of the Corporation Commission merely provides the kind of crossing to be constructed after the opening of Main street by legal means. M., K & T. Ry. Co. v. State, 82 Okla. 221, 200 P. 208.

The record further discloses that Main street had never been opened across the railroad tracks and right of way. They were now seeking to open said street.

The local authorities could either purchase a right of way for said highway crossing from the railroad company or secure such crossing by condemnation proceedings.

If it become necessary to institute condemnation proceedings, then the railroad company can invoke its rights and said matter may be judicially determined as to whether or not the local authorities may condemn and take under the law of eminent domain that portion of the railroad company's right of way sought for a highway crossing.

We do not consider it necessary to pass upon the legal questions sought to be raised by the railroad company in this appeal from the order of the Corporation Commission, which merely designates the type of highway to be constructed after the right of way had been procured by legal means.

When the local authorities resort to the proper legal means to procure the right of way across the railroad company's tracks and right of way, then this question may be properly raised by the railroad company and a judicial determination had thereon.

In this opinion we pass only upon the question as decided by the Corporation Commission of the kind of crossing that should be constructed when the right of way is procured by proper legal means, but this is in no wise passing upon or determining whether or not the local authorities may, under the law of eminent domain, condemn the particular crossing upon which they seek to construct the highway. That matter can be passed upon when properly presented.

The order of the Corporation Commission is affirmed.

RILEY, HEFNER, SWINDALL, AN-
DREWS, McNEILL, and KORNEGAY, JJ.,
concur. LESTER, C. J., and CLARK, V. C.
J., absent.